IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDWARD F. KELLER,**

      Plaintiff,

vs.                                                         Civ. No. 09-960 BB/ACT

**NEW MEXICO DEPARTMENT**
**HEALTH, DIVISION OF HEALTH**
**IMPROVEMENT,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Rule 56(f) Motion and Memorandum Brief in Support to Conduct Discovery filed October 12, 2010 [Doc. 36]. Defendant filed a Response on October 26, 2010 [Doc. 37] and Plaintiff filed a Reply on November 12, 2010 [Doc. 38]. Upon review of the pleadings and the pertinent law, the Court finds that Plaintiff's Motion is well taken and will be granted.

## Analysis

Plaintiff's Complaint was removed to federal court on September 30, 2009 [Doc. 1]. Plaintiff alleges that on August 19, 2005, he was discharged by the New Mexico Department of Health, Division of Health Improvement, because he required an accommodation due to his driving disability. He further claims that he fully disclosed his driving disability at the time he was hired on August 1, 2005, and provided a doctor's note verifying his driving disability on August 17, 2005.

The Court entered an Order staying discovery in this matter on April 6, 2010, pending referral of this matter to the Pro Se Litigation Committee. [Doc. 32.] Defendant filed a Motion for Summary Judgment on June 30, 2010 [Doc. 28]. Defendant asserts that it is entitled to qualified immunity on the basis of qualified immunity. It asserts that it did not violate the Americans with Disabilities Act. It asserts that Plaintiff's request for accommodation was not an accommodation but "to be relieved of the obligation to perform a task cental to the job for which Keller applied and was hired without disclosing his medical limitations." [Doc. 28 at 6.]

On July 14, 2010, the Court ordered that the stay remain in effect "unless Mr. Keller seeks relief from the court under Rule 56(f) and he is granted a further continuance and be allowed to conduct discovery so that he can "present facts essential to justify" his opposition. [Doc. 32.] On October 12, 2010, Plaintiff filed a Motion for Discovery [Doc. 36].

In his Motion, Plaintiff states he is able to travel. [Doc. 36 at 6.] Counsel for Plaintiff's 56(f) Affidavit states that Plaintiff needs to conduct the following discovery:

    a.    The facts and circumstances regarding the hiring of Mr. Keller on August 1, 2005, including the extent to which Mark Tucker and others at the Department had knowledge and were aware that Mr. Keller was physically impaired when he was hired;

    b.    The facts and circumstances regarding the termination of Mr. Keller on August 19, 2005, including who at the Department made the decision to terminate Mr. Keller;

    c.    Information regarding the essential functions of the position for which Mr. Keller was hired, including whether driving – as opposed to riding as a passenger in a vehicle – for more than one-hour distance was an essential function of the position;

    d.    Information regarding whether other similarly situated employees to Mr. Keller are allowed to car-pool in order to fulfill the essential functions of their position with the Department;

    e.    A copy of the Department's internal employment manuals; and

  f.  A copy of Mr. Keller's employment file, including all documentation relating to the interview process and the Department's hiring of Mr. Keller.

[Doc. 36, Exh. A.] Plaintiff states he is able to obtain this information by deposing Mr. Tucker, Ms. Tapia and Ms. Haas. [Doc. 26 at 7]. Plaintiff asserts that they have facts as to the extent the Defendant was aware of Plaintiff's physical impairment and who made the decision to terminate Plaintiff.

  The policy behind Rule 56(f) is that summary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his or her opposition. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (10th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 250 n. 5 (1986)). "The protection afforded by 56(f) is an alternative to a response in opposition to summary judgment under 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) (citation omitted). Unless dilatory or lacking in merit, motions seeking Rule 56(f) relief should be liberally granted. *Committee for the First Amendment*, 962 F. 2d 1521-2 (citation omitted).

  The Court finds that Plaintiff has met the requirements of Rule 56(f) as to the need for discovery to respond to Defendant's Motion for Summary Judgment. The Court further finds that pursuant to Rule 56(f) Defendant's Motion for Summary judgment will be denied.

  **IT IS THEREFORE ORDERED** that Plaintiff's Rule 56(f) Motion and Memorandum Brief in Support to Conduct Discovery [Doc. 36] is granted.

  **IT IS FURTHER ORDERED** that Plaintiff will have forty five (45) days from entry of this order to conduct discovery outlined in counsel for Plaintiff's Affidavit.

**FINALLY, IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. 28] is denied.  Defendant may file a motion for summary judgment within thirty (30) days after the Rule 56(f) discovery has been completed.

_____
**BRUCE D. BLACK, CHIEF
UNITED STATES DISTRICT JUDGE**