IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD F. KELLER,

    Plaintiff,

v.                                                   Civ. No. 09-960 BB/ACT

NEW MEXICO DEPARTMENT
OF HEALTH, DIVISION OF
HEALTH IMPROVEMENT.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This matter is before the Court on Plaintiff's Motion to Review District Clerk's Costs [Doc. 74], which was referred to the undersigned by Judge Black for a recommended ruling. (Doc. 75) The Court has reviewed the Motion, the Response [Doc. 76] and the Reply [Doc. 77] and recommends that the motion be granted.

    2.    Plaintiff, appearing *pro se*, brought his action in state court claiming employment discrimination. The case was removed to this Court [Doc. 1].

    3.    The Court referred this case to the Pro Bono Panel and *pro bono* counsel was appointed to represent Plaintiff. [Doc. 33]

    4.    The district court adopted the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 56] and the Magistrate Judge's Supplemental Report and Recommendation [Doc. 65] and on February 15, 2012 the case was dismissed with prejudice [Doc. 67]. Defendants then submitted their Cost Bill [Doc. 69] and the Clerk settled the costs on April 11, 2012 [Doc. 73] in the amount of $1,145.18 in favor of Defendants and against Plaintiff.

---

    [1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

5. Plaintiff advances three primary arguments in support of his position: (1) he is indigent; (2) Defendants removed the case to federal court and he should not have to pay the $350.00 filing fee for federal court; and (3) the three depositions taken in this matter for which costs were allowed were not reasonably necessary to the litigation.

6. Rule 54(d) of the Federal Rules of Civil Procedure provides that, absent an exception, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Thus, there is a presumption that costs will be awarded to the prevailing party. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "Whether or not a prevailing party shall be awarded costs is within the court's sound discretion." *Id*. (internal quotation marks & citation omitted). But because denial of costs to the prevailing party amounts to a penalty, the district court must articulate an apparent reason to impose such a penalty. *Id*. (citing *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)). On the other hand, if the non-prevailing party provides evidence of indigence, the Court may, in the exercise of its equitable powers, reduce or deny costs to the prevailing party. *In re Paoli*, 221 F.3d 449, 468 (3d Cir. 2000). A complete inability to pay the cost bill now or in the future would be grounds to deny an award. *Higgins v. Potter*, 2011 WL 3667097, *2 (D. Kan. 2011) (unpublished decision) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)).

7. Plaintiff submits his affidavit (Doc. 70-1) to explain that he receives Social Security disability income, has two houses in Santa Fe that are in foreclosure, and that his debts total $498,311.04, plus the debt owed on one of his properties. His monthly income is $1,443.20 per month and he has itemized monthly expenses of $1,351, plus quarterly expenses of $85.00, and an

annual expense of $180.00. [2] *See* Doc. 70-1 & Doc. 77 at 3.  He also has $360.00 in checking and savings accounts.  *See* Doc. 70-1 at ¶¶ 10-11.  Defendant does not dispute any of these amounts.

8. Defendant contends Plaintiff has "disposable income" and therefore can afford to pay the cost bill.[3]

9. There is no evidence of Defendant's bad faith.  But a review of Plaintiff's Affidavit concerning his financial affairs indicates that he is over $500,000 in debt, his home and rental properties are in foreclosure, and he is living on a Social Security disability payment of $1,443.20 per month.   Any "penalty" imposed on Defendant by not allowing costs as awarded by the Clerk is greatly outweighed by Plaintiff's dire financial circumstances.

10. Having reviewed the submissions of the parties, the law regarding payment of costs, and the equities involved, the Court concludes that Plaintiff should not be required to pay the costs awarded to Defendant.

**RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Motion to Review District Clerk's Costs [Doc. 74] be granted.

_____
Alan C. Torgerson
United States Magistrate Judge

---

[2] Counsel for Plaintiff wrongly calculated Plaintiff's monthly expenses at $1,567.00 in Plaintiff's Reply [Doc. 77 at 3].

[3] Presumably Defendant is referring to the difference between Plaintiff's monthly Social Security disability check of $1,443.20 and his itemized expenses of $1,352.00, which amounts to $91.00. Since some of Plaintiff's monthly expenses are approximate (gasoline, groceries, etc.), and subject to change with the fluctuating economy, Plaintiff has little margin for error.  Likewise, other than $212.00 in a savings account, Plaintiff has no contingency plan for an unexpected expense or an emergency situation.